# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, Jr, <br><br> Plaintiff, <br><br> v. <br><br> D. HULBERT, <br><br> Defendant. | Case No.  1:16-cv-00046-DAD-JLT (PC) <br><br> **ORDER STRIKING UNSIGNED COMPLAINT** <br><br> **(Doc. 1)** <br><br> **30-DAY DEADLINE** |

Mack A. West, Jr. filed his complaint on April 14, 2014 but failed to sign it.  (Doc. 1)  Because the Court cannot consider unsigned filings, the complaint must be **STRICKEN**.  Fed. R. Civ. Pro. 11; L. R. 131.

**A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed

1

as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

"facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2. Linkage Requirement

Under 42 U.S.C. § 1983, the pleading must demonstrate an actual link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### C. Legal Standards

### 1. Eighth Amendment -- Failure to Protect/Safety

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components. First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). Second, subjectively, the prison

official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.  Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847, 114 S.Ct. 1970.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a known substantial "risk of serious damage to his future health . . . ." *Farmer*, at 843 (citing *Helling*, 509 U.S. at 35).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*, at 835.  The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*, at 836-37.  Mere negligence does not suffice.

### 2. Legal Mail

"[A] prison inmate, enjoys a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).  "However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" *Id.*, quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987).  "Legitimate penological interests include 'security, order, and rehabilitation.'" *Id.*, quoting *Procunier v. Martinez*, 416 U.S. 396, 413 (1974).  "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" *Id.*, quoting *Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989).  "However, in neither case must the regulation satisfy a 'least restrictive means' test." *Id*. quoting *Abbott*, at 411-13 (explaining *Procunier v. Martinez*).  Prison officials cannot read legal mail, but they may scan it and inspect it for contraband.  *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014).

**D. Order**

Accordingly, the Court **ORDERS**:

1. Plaintiff's complaint is **STRICKEN** from the record because it is unsigned;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within 30 days from the date of service of this order, Plaintiff may file a signed complaint.

**The failure to comply with this order will result in recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **May 16, 2016**                              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE