1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    MACK A. WEST, Jr,                          **Case No. 1:16-cv-00046-DAD-JLT (PC)**

12              Plaintiff,                        **FINDINGS AND RECOMMENDATION THAT
                                                  PLAINTIFF PROCEED ONLY ON EIGHTH**
13         v.                                     **AMENDMENT CLAIMS AGAINST C/O
                                                  ORNALES AND JANE DOE #1 IN THE**
14    D. HULBERT, et al.,                         **SECOND AMENDED COMPLAINT and THAT
                                                  C/O HULBERT AND ALL CLAIMS AGAINST**
15              Defendants.                       **HIM BE DISMISSED**

16                                                **(Doc. 18)**

17                                                **21-DAY DEADLINE**

18    **I.      FINDINGS**

19         **A.      Background**

20         Plaintiff seeks to proceed on claims of failure to protect and deliberate indifference under

21    the Eighth Amendment based on circumstances surrounding an event where he attempted to

22    commit suicide. Plaintiff has stated a cognizable Eighth Amendment claim against Defendant

23    C/O Ornales and Jane Doe #1, but his allegations against Defendant Hulbert should be

24    dismissed.[1]

25         **B.      Screening Requirement**

26         The Court is required to screen complaints brought by prisoners seeking relief against a

27    ─────────────────────────
      [1] Though Plaintiff originally named additional defendants, he only named the three mentioned above in the First
28    Amended Complaint, such that all other defendants and claims against them should be deemed dismissed.

                                                  1

1  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

2  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

3  frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

4  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

5  § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed

6  per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed

7  as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has

8  not alleged imminent danger of serious physical injury does not qualify to proceed *in forma*

9  *pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

10  **C.**     **Summary of the Second Amended Complaint**

11  Plaintiff complains of acts that occurred while he was housed at the Substance Abuse and

12  Treatment Facility (SATF) in Corcoran, California.  Plaintiff names Correctional Officers D.

13  Hulbert and Ornales, and Jane Doe #1 as defendants in the Second Amended Complaint and

14  seeks monetary damages.

15  Plaintiff alleges that on January 4, 2012, he became suicidal and was housed on "Suicide-

16  Watch in Mental Health Crisis Bed (MHCB)."  (Doc. 18, p. 8.)  There is a policy that prohibits

17  MHCB inmates from possessing any metal items for their own safety.  (*Id.*)  All MHCB cells are

18  monitored by video.  (*Id.*, p. 9.)  There are cameras inside each MHCB cell that relay video feeds

19  to monitors in the staff area.  (*Id.*)

20  On January 9, 2012, the mental health physician gave an order which allowed Plaintiff to

21  receive his legal mail.  (Doc. 18, p. 8.)  That same day, C/O Hulbert delivered a small box of legal

22  mail to Plaintiff.  (*Id.*, pp. 8-9.)  Before C/O Hulbert handed the box to Plaintiff, C/O Hulbert

23  lifted the top off of it and looked at the top legal document which "contained a metal bind."  (*Id.*)

24  C/O Hulbert thereafter handed the small box of legal mail to Plaintiff without inspecting and

25  screening it for dangerous contraband, or prohibited materials.  (*Id.*)

26  Before breakfast on January 12, 2012, while still on suicide watch, Plaintiff began using

27  the metal item to cut his wrist.  (*Id.*, p. 9.)  During the several hours that Plaintiff was cutting his

28  wrist, C/O Ornales and Jane Doe #1 failed to properly watch the screen so as to observe Plaintiff

2

1   cutting his wrist.  (*Id.*)  They also failed to properly conduct suicide precaution checks every 15 to

2   30 minutes as policy required.  (*Id.*)  Further, when C/O Ornales and Jane Doe #1 passed out

3   breakfast and lunch that day, they failed to observe the blood on Plaintiff's hands and left wrist

4   from cutting his left wrist.  (*Id.*, pp. 9-10.)  Plaintiff went back to cutting his wrist after each of

5   these meals was served.  (*Id.*, p. 10.)  It was not until after lunch, when C/O Ornales came to

6   hand-cuff and escort Plaintiff to a hearing that C/O Ornales noticed the blood and activated his

7   alarm.  (*Id.*)  Plaintiff was thereafter immediately sent to the triage treatment area where stitches

8   were placed and was subsequently placed in a safety cell.  (*Id.*)

9        Plaintiff has stated a cognizable claim under the Eighth Amendment against C/O Ornales

10   and Jane Doe #1 upon which he should be allowed to proceed, but his allegations against C/O

11   Hulbert are not cognizable and should be dismissed.

12        **D.     Pleading Requirements**

13           **1. Federal Rule of Civil Procedure 8(a)**

14        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

15   exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

16   U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

17   statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

18   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

19   the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

20        Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

21   cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556

22   U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

23   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

24   plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

25   allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S.*

26   *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

27        While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,

28   580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

3

1    and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

2    However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze*

3    *v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may

4    not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit*

5    *Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266,

6    268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-*

7    *Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

8    omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

9    "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the

10   plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

11       **D.       Eighth Amendment -- Failure to Protect**

12          "The treatment a prisoner receives in prison and the conditions under which he is confined

13   are subject to scrutiny under the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 832

14   (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  Prison officials have a duty "to take

15   reasonable measures to guarantee the safety of inmates, which has been interpreted to include a

16   duty to protect prisoners."  *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th

17   Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir.

18   2005)).

19          To establish a violation of this duty, the prisoner must "show that the officials acted with

20   deliberate indifference to threat of serious harm or injury to an inmate."  *Labatad*, at 1160 (citing

21   *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).  This involves both objective

22   and subjective components.

23          First, objectively, the alleged deprivation must be "sufficiently serious" and where a

24   failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions

25   posing a substantial risk of serious harm."  *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337,

26   349 (1981).  Second, subjectively, the prison official must "know of and disregard an excessive

27   risk to inmate health or safety."  *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th

28   Cir. 1995).  A prison official must "be aware of facts from which the inference could be drawn

4

1    that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511

2    U.S. at 837.  Liability may follow only if a prison official "knows that inmates face a substantial

3    risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

4    *Id*. at 847.  When extrapolated from circumstantial evidence, the substantial risk of serious harm

5    must be so blatantly obvious that Defendants had to have been aware of it.  *Foster v. Runnels*, 554

6    F.3d 807, 814 (1970); *see also Conn v. City of Reno*, 591 F.3d 1081, 1097 (9th Cir.2010) (holding

7    that the magnitude of the risk must be "so obvious that [the defendant] must have been

8    subjectively aware of it"), vacated, 563 U.S. 915 (2011), reinstated in relevant part, 658 F.3d 897

9    (9th Cir. 2011).

10         The question under the Eighth Amendment is whether prison officials, acting with

11   deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to

12   his future health . . . ." *Farmer*, at 843 (citing *Helling*, 509 U.S. at 35).  The Supreme Court has

13   explained that "deliberate indifference entails something more than mere negligence . . . [but]

14   something less than acts or omissions for the very purpose of causing harm or with the knowledge

15   that harm will result." *Id.*, at 835.  The Court defined this "deliberate indifference" standard as

16   equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*,

17   at 836-37.

18              **1.      C/O Ornales and Jane Doe #1**

19         Plaintiff states a cognizable claim against C/O Ornales and Jane Doe #1 for:  (1) failing to

20   properly monitor the video feed from Plaintiff's room; (2) failing to properly conduct suicide

21   precaution checks every 15 to 30 minutes as policy required; and (3) failing to observe the blood

22   on Plaintiff's hands and left wrist when they passed out breakfast and lunch.  These allegations

23   are cognizable since the very purpose of the above duties is to monitor Plaintiff's behavior for

24   any self-harming conduct.[2]  If they had properly monitored Plaintiff, according to the factual

25   allegations of the SAC, C/O Ornales and Jane Doe #1 would have seen him cutting his wrist over

26

27   [2] In light of his allegations that he stopped engaging in this conduct during the meal period, the Court suspects that
     the plaintiff may have made efforts to conceal his activities from the officers.  However, the allegations as pleaded,
28   give rise to a cognizable claim irrespective of the Court's supposition.

1    the course of several hours.

2    **2.    C/O Hulbert**

3    Plaintiff's allegations that he found pieces of metal in his legal mail package that C/O

4    Hulbert gave to him while he was on MHCB, does not state a cognizable claim.  Plaintiff fails to

5    show that C/O Hulbert had an indication that the legal mail package[3] contained items which

6    posed a serious danger to Plaintiff's health.  Despite previously having been informed that he

7    failed to specifically allege that the packaging should have notified C/O Hulbert of the risk,

8    Plaintiff failed to do so in the SAC.  While Plaintiff now alleges that the first document in the box

9    "contained a metal bind," he does not show that the "metal bind" was patently obvious on the top

10   page of the document such that C/O Hulbert would have necessarily seen it when he removed the

11   lid of the box.

12   Alternatively, if Plaintiff intended to rely on inferences from circumstantial evidence, he

13   fails to show that the substantial risk of serious harm from C/O Hulbert's failure to inspect a

14   package of legal mail was so obvious C/O Hulbert had to have been aware of it.  *Foster*, at 814.

15   Plaintiff's mere allegations that he was suicidal and received mail that C/O Hulbert failed to

16   screen, or poorly screened which resulted in Plaintiff locating an item with which he injured

17   himself is not cognizable since it does not show that the magnitude of the risk was so obvious that

18   C/O Hulbert must have been subjectively aware of it. It bears repeating that "facts that are

19   'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.

20   *Iqbal*, 556 U.S. at 678.  As stated in the prior screening order, it is simply insufficient for Plaintiff

21   to allege that he received a package that contained the metal item without some minimal factual

22   showing that the failure to screen resulted from an act that was greater than mere negligence and

23   that there was reason for C/O Hulbert to know of the risks the package posed.

24   **II.    CONCLUSION & RECOMMENDATION**

25   Plaintiff's Second Amended Complaint states cognizable Eighth Amendment claims

26   against Defendants C/O Ornales and Jane Doe #1.  Despite specific and detailed information in

27

28
[3] The fact that the mail was "legal mail" raises an inference -- based upon the relative sophistication of the sender -- that it would not contain prohibited items, like staples, paper clips or other metal objects.

6

the prior screening order, Plaintiff fails to state a cognizable claim against C/O Hulbert.  It thus

appears Plaintiff is unable to cure his allegations against C/O Hulbert through amendment, sans

fabrication, which renders subsequent leave to amend futile.  *Akhtar v. Mesa*, 698 F.3d 1202,

1212-13 (9th Cir. 2012).

     Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1.     This action proceed on the Second Amended Complaint against Defendants C/O Ornales and Jane Doe #1 for failing to protect or provide for Plaintiff's safety in violation of the Eight Amendment;

2.     C/O Hulbert and all claims against him and all previously named defendants be dismissed with prejudice; and

3.     The Clerk's Office be directed to rename this action "West v. Ornales, et al."

     These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21**

**days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

     Dated:   **July 19, 2017**               **/s/ Jennifer L. Thurston**

                                                      UNITED STATES MAGISTRATE JUDGE