# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, Jr,<br><br>    Plaintiff,<br><br>v.<br><br>D. HULBERT, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00046-DAD-JLT (PC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATION AND GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**(Docs. 19, 26)**<br><br>**21-DAY DEADLINE** |

### A. **Background**

Plaintiff seeks to proceed on claims of failure to protect and deliberate indifference under the Eighth Amendment based on circumstances surrounding an event where he attempted to commit suicide using a "metal bind." On July 19, 2017, the Court issued Findings and Recommendations allowing Plaintiff to proceed on an Eighth Amendment claim against Defendant C/O Ornales and Jane Doe #1. It dismissed the allegations against Defendant Hulbert because they were not cognizable. Further, though Plaintiff originally named additional defendants, he only named these three in the First Amended Complaint. Thus, the Court recommended all other defendants and claims against them be deemed dismissed.

Plaintiff filed objections to the F&R in which he now describes the metal bind and circumstances under which Defendant Hulbert necessarily should have seen it and not given the package of legal mail to Plaintiff until it was removed. Because of this new information, Plaintiff is granted **one final opportunity** to amend his allegations and is again given the pleading and

1

legal standards under which his allegations in a third amended complaint will be screened.[1]

**B.** **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

**C.** **Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S.*

---

[1] Plaintiff's allegations in the Second Amended Complaint have previously been screened and are not further addressed here.

*Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### D. Eighth Amendment -- Failure to Protect

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337,

3

349 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. When extrapolated from circumstantial evidence, the substantial risk of serious harm must be so blatantly obvious that Defendants had to have been aware of it. *Foster v. Runnels*, 554 F.3d 807, 814 (1970); *see also Conn v. City of Reno*, 591 F.3d 1081, 1097 (9th Cir.2010) (holding that the magnitude of the risk must be "so obvious that [the defendant] must have been subjectively aware of it"), vacated, 563 U.S. 915 (2011), reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011).

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." *Farmer*, at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*, at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*, at 836-37.

## ORDER

Plaintiff is granted one final opportunity to correct the deficiencies in his pleading. Plaintiff's third amended complaint is due **within 21 days** of the date of service of this order. If Plaintiff decides not to file a third amended complaint, he must so notify the Court **within 21 days** of the date of service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **21 days** from the date of service of this order.

/ / /

4

Plaintiff is reminded that a third amended complaint, must demonstrate how the conditions complained of resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). A third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that a third amended complaint will supersede the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with **one final opportunity** to amend to cure the deficiencies in his allegations. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing:

1. The Findings and Recommendations on Plaintiff's Second Amended Complaint, which issued on July 19, 2017 (Doc. 19) are **WITHDRAWN**;
2. Plaintiff's Second Amended Complaint is dismissed, with leave to amend;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. **Within 21 days** from the date of service of this order, Plaintiff must:
    a. file a third amended complaint curing the deficiencies in the Second

                Amended Complaint that were previously identified by the Court, or

      b. notify the Court in writing that he does not wish to file a third amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in the Second Amended Complaint against C/O Ornales and Jane Doe #1 for violation of the Eighth Amendment; or

      c. if Plaintiff decides that he no longer wishes to pursue this action, he must file a notice of voluntary dismissal;

5. If Plaintiff fails to comply with this order, it will be recommended that he be allowed to proceed only on the Eighth Amendment claim previously found cognizable in the Second Amended Complaint against C/O Ornales and Jane Doe #1 and that all other claims and Defendants be dismissed with prejudice.

IT IS SO ORDERED.

Dated: **November 6, 2017**                   **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE